UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

EDWARD LEE HILTON, #85798,

        Plaintiff,

                              CASE NO. 2:17-CV-10513
v.                                HONORABLE VICTORIA A. ROBERTS

JOHN J. GLEASON,

        Defendant.

_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

## I.  INTRODUCTION

This is a *pro se* civil rights case brought pursuant to 42 U.S.C. § 1983.  Edward Lee Hilton ("Plaintiff"), currently confined at the Genesee County Jail in Flint, Michigan, alleges that John J. Gleason ("Defendant"), a Genesee County Court Clerk, refused to file paperwork and motions from August, 2016 to January, 2017.  Plaintiff alleges violations of his right to compulsory process and his right of access to the courts.  Plaintiff sues Defendant in his official capacity and seeks injunctive relief.  The Court has granted Plaintiff leave to proceed without prepayment of the filing fees for this action pursuant to 28 U.S.C. § 1915(a)(1).

## II.  DISCUSSION

Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  42 U.S.C. § 1997e(c); 28 U.S.C. § 1915(e)(2)(B).  The Court is similarly required to dismiss a complaint

seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A.  A complaint is frivolous if it lacks an arguable basis in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Federal Rule of Civil Procedure 8(a) requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R. Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)).  While such notice pleading does not require detailed factual allegations, it does require more than the bare assertion of legal conclusions.  *Twombly*, 550 U.S. at 555.  Rule 8 "demands more than an unadorned, the defendant-unlawfully-harmed me accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting *Twombly*, 550 U.S. at 555).  "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"  *Id*. (quoting *Twombly*, 550 U.S. at 557).  "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555-56 (citations and footnote omitted).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) he was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United

States; and (2) the deprivation was caused by a person acting under color of state law.  *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Harris v. Circleville*, 583 F.3d 356, 364 (6th Cir. 2009).  A *pro se* civil rights complaint is to be construed liberally.  *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that Plaintiff's Complaint for Violation of Civil Rights (Prisoner Complaint) is subject to summary dismissal.  First, Plaintiff fails to state a compulsory process claim in his pleadings.  The Compulsory Process Clause of the Sixth Amendment generally refers to a criminal defendant's right to have witnesses appear at trial.  It requires a prosecutor to "exercise due diligence in a good faith effort to secure the attendance of subpoenaed witnesses."  *United States v. Baker*, 553 F.2d 1013, 1022 (6th Cir. 1977).  To establish a violation of the right to compulsory process, a criminal defendant must make a plausible showing that the witness's testimony is (or was) material and favorable the defense.  *United States v. Valenzuela-Bernal*, 458 U.S. 858, 867 (1982).  Plaintiff alleges no such facts.  Rather, he merely asserts that his right to compulsory process was violated by Defendant's alleged failure to file paperwork and motions in state court. Conclusory allegations are insufficient to state a claim for relief under § 1983.  *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555-57; *Crawford-El v. Britton*, 523 U.S. 574, 588 (1998); *Moldowan v. City of Warren*, 578 F.3d 351, 390-91 (6th Cir. 2009); *Lanier v. Bryant*, 332 F.3d 999, 1007 (6th Cir. 2003).  Plaintiff fails to state a compulsory process claim in his pleadings.

Second, Plaintiff fails to state a denial of access to the courts claim in his pleadings. Prisoners, including indigent prisoners, have a constitutional right of access to the courts which the states have a duty to protect.  *Bounds v. Smith*, 430 U.S. 817, 821-25 (1977).  A prisoner's

right of access to the courts is limited to direct criminal appeals, habeas corpus applications, and civil rights claims challenging the conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999). To state a §1983 claim for the denial of access to the courts, a plaintiff must make some showing of prejudice or actual injury as a result of the challenged conduct. *Lewis*, 518 U.S. at 351; *Harbin-Bey v. Rutter*, 420 F.3d 571, 578 (6th Cir. 2005) (citing *Jackson v. Gill*, 92 F. App'x 171, 173 (6th Cir. 2004)). Examples of actual prejudice include having a case dismissed, being unable to file a complaint, and missing a court-imposed deadline. *Harbin-Bey*, 420 F.3d at 578. No actual injury occurs without a showing that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being prevented. *Lewis*, 518 U.S. at 354-56; *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). Additionally, a plaintiff must allege that the deprivation of rights was the result of intentional conduct. *Sims v. Landrum*, 170 F. App'x 954, 957 (6th Cir. 2006); *Wojnicz v. Davis*, 80 F. App'x 382, 384 (6th Cir. 2003). An allegation of negligence is insufficient to state an access to the courts claim under § 1983. *Collins v. City of Harker Hgts.*, 503 U.S. 115, 127-30 (1992).

In this case, Plaintiff fails to provide any facts regarding the type of papers or motions that he attempted to file with the state court. His pleadings are devoid of any factual details regarding the nature of the case (or cases) that he attempted to institute, the type of motions that he attempted to file, why any of his papers were rejected, the consequences of the rejections (other than not being able to file), or specific dates when such actions occurred. Plaintiff fails to allege or establish that a non-frivolous claim has been lost or rejected, or that the presentation of such a claim is being impeded. He also fails to allege facts showing that Defendant's conduct

4

was intentional in the constitutional sense.  As discussed *supra*, conclusory allegations are insufficient to state a claim for relief under § 1983.  Plaintiff fails to state a denial of access to the courts claim in his pleadings.  This case must therefore be dismissed.

### III.  CONCLUSION

For the reasons stated, the Court concludes that Plaintiff fails to state a claim upon which relief may be granted under § 1983 in his pleadings.  Accordingly, the Court **DISMISSES WITH PREJUDICE** Plaintiff's Complaint for Violation of Civil Rights (Prisoner Complaint).  The Court further concludes that an appeal from this decision cannot be taken in good faith.  28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  This case is closed.

**IT IS SO ORDERED**.


S/VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

Dated:  February 28, 2017